UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. VILLASANA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-2393 |
| | § | |
| CITY OF HOUSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION ON DISMISSAL**

Pending before the Court is Defendants Arturo G. Michel ("Michel"), Randy Zamora ("Zamora"), Sahira Abdool ("Abdool"), and City of Houston's (the "City") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 17), as well as Plaintiff Christopher M. Villasana's ("Villasana") response (Doc. 24).  Upon review and consideration of this motion, the response thereto, the relevant legal authority, and for the reasons explained below, the Court finds Defendants' motion to dismiss should be granted.

I. Background and Relevant Facts

Plaintiff Villasana is a lawyer who practices in the City of Houston's municipal courts and issues surety bonds to his clients.  (Doc. 1 at 5)  Villasana's practice focuses "on traffic tickets and helping people who have warrants issued for failing to appear."  (Doc. 24 at 4.)  On April 1, 2006, Villasana claims the City implemented new procedures to process cases at the municipal courthouse.  (Doc. 1 at 3.)  Among these new procedures, Villasana asserts that the City "conveyed to the attorneys and bondsmen who posted bonds that, until further notice, . . . [a]ttorneys . . . [and] [b]ondsmen would not be held liable for bond forfeitures[.]"  (*Id.*)  "More than one year later, signs were posted within the courthouse indicating that bond forfeiture

processing would begin on October 1, 2007." (*Id.* at 4.)  Accordingly, Villasana believed he "would not be liable for bond forfeitures from April 1, 2006, to October 1, 2007." (*Id.*)

On June 28, 2007, the City mailed a letter outlining the new bond forfeiture procedures to be implemented beginning July 16, 2007. (*Id.* at 8.)  The letter specifies that:

> **Liabilities on Bond Postings**
> As long as bondsmen file answers to forfeiture within timeframe allowed after forfeiture and they pay within the 30 days after the judgment is rendered, only liability incurred since May 1, 2007 will be reported to Harris County.  In the event the surety does not stay current with paying judgments on bond forfeitures within 30 days timeframe, liabilities prior to May 1, 2007 will be reported.  All information will be reviewed by Bond Admin staff prior to reporting to Harris County.

(*Id.* at 9.)

Nearly two years later, on May 13, 2009, the City sent Villasana a letter informing him of his "outstanding Nisi Judgments with the City of Houston Municipal Court." (*Id.* at 12.)  The City offered Villasana:

- An opportunity to participate in Bond Forfeiture Agreement with the Prosecutor's Office to resolve NISI cases at a discounted amount (See attached).  In order to participate in this agreement you need to sign and return the attached agreement to the Prosecutor's Office, attention Randy Zamora, 1400 Lubbock Room 133, Houston, Texas, 77002, by June 15, 2009.  If you have not entered into this Agreement by the June 15th date you will not be offered the terms of the Bond Forfeiture Agreement which includes the reduce [*sic*] fees in the future.

- You will have until June 15th, 2009 to resolve all of your final judgments.  It is imperative that you resolve all outstanding judgments with Municipal Court or you will be placed on the unapproved list and you will not be allowed to post Bonds with the City of Houston.

(*Id.* at 12.)  The Bond Forfeiture Agreement (the "Agreement") attached to the letter specified that the "agreement covers bonds that were forfeited on or after April 1, 2006." (*Id.* at 13.)  The

Agreement further specifies that:

> Any NISI case that does not have a judgment as of the date this document is signed and where the defendant failed to appear for a court date between April 1st, 2006 and April 30th, 2007, then the agreed judgment amount will be $25 per NISI case.
>
> The City and Surety/Attorney agree that if a NISI case already has a judgment, then the judgment amount will be honored.
>
> On any NISI case where the defendant failed to appear for a court date on or after May 1st, 2007, the agreed judgment amount will be $50 per NISI case.

(*Id.*)  Villasana urges that "[f]or each bond forfeiture case, the Defendants arbitrarily assigned an amount of either twenty-five dollars ($25.00) or fifty dollars ($50.00)." (*Id.* at 4.)  In support of this assertion, Villasana attached eleven pages of records showing $12,050 in unpaid judgments. (*Id.* at 15–25.)  The individual forfeitures are for $25, $35, or $50, on bail amounts ranging from $105 to $425.  (*Id.*)  For unclear reasons, Villasana believes the City intended to require "the attorneys and bondsmen to pay judgments on cases that [had] yet to be initiated or adjudicated." (*Id.* at 4–5.)

On July 29, 2009, Villasana filed suit requesting the following relief:

1. Temporary injunction prohibiting the Defendants from preventing the processing of bonds by Plaintiff on a daily basis;
2. Exoneration of liability for all bonds forfeited from April 1, 2006, to October 1, 2007; and
3. Any bond forfeitures after October 1, 2007, to be processed in accordance with due process.

(Doc. 1 at 5.)  On September 25, 2009, after Villasana paid the City $4,145 for outstanding bond forfeiture judgments and agreed motions for dismissal with costs, the City removed Villasana from the unapproved list.  (Doc. 17 at 2; Docs. 17-1, 17-2, 17-3, 17-4.)  Villasana subsequently withdrew his request for an injunction.  (Docs. 5–6.)  Defendants now move to dismiss.

(Doc. 17.)

II. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A lawsuit must be dismissed for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The party seeking to litigate in federal court bears the burden of establishing subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

Federal Rule of Civil Procedure 12(b)(6) authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 570. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). However, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550

U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III. Discussion

Section 1983 prohibits persons acting under "color of any statute, ordinance, regulation, custom, or usage" from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property[.]" *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Municipal liability under section 1983 requires "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)). These three requirements for municipal liability under section 1983 serve to distinguish the actions of government employees from those of the government itself. *Id.* Section 1983 does not permit municipal liability asserted under the doctrine of *respondeat superior*. *Id.* at 578 (quoting *Bd. Of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997)). "Isolated unconstitutional acts by municipal employees will almost never trigger liability" under section 1983. *Id.* at 578 (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985)). Additionally, the policy or custom must be the "moving force" behind the alleged constitutional violation. *Piotrowski*, 237 F.3d at 580.

Villasana asserts a due process violation under 42 U.S.C. § 1983, and asks to be

exonerated from all bonds forfeited from April 1, 2006, to October 1, 2007, and to have all other bond forfeitures processed in accordance with due process. (Doc. 1 at 5.) Villasana, a licensed and practicing Texas lawyer, signed the judgments and motions to dismiss, thereby agreeing to pay the bond forfeiture fees and costs. (Docs. 17-1, 17-2, 17-3, 17-4.) There is no legal basis for absolving Villasana of liability for bonds forfeited from April 1, 2006, to October 1, 2007. Regarding bond forfeitures from October 2, 2007, onwards, Villasana's complaint fails to state a claim under Section 1983. *General Star Indemnity Co. v. Vesta Life Ins. Corp.*, 173 F.3d 946, 950 (5th Cir. 1999) (citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)). Villasana, acting as a bondsman for his clients, is liable to the City under the terms of the forfeiture agreements, and fails to show that the City's method of collecting bond forfeitures is substantively or procedurally unfair.

Villasana also sued Defendants Michel, a city attorney, and Abdool, a city director and chief clerk of the Municipal Court Administration Department, in their official capacities. (Doc. 1 at 2–3.) Suits brought against employees of a governmental entity in their official capacity are actually suits against the governmental agency, when the employees are acting within their official capacities. *Acron v. Vaksman*, 877 S.W.2d 390 (Tex. App.—Houston [1st Dist.] 1994, writ denied). As the City of Houston is a party to this suit, claims against Michel and Abdool in their official capacities are redundant. Villasana's claims against Michel and Abdool must therefore be dismissed.

Finally, Villasana alleges that Defendant Zamora, a city prosecutor, warned that if Villasana did not execute the Bond Forfeiture Agreement, Villasana's clients would not be offered plea bargains and the City would not schedule trial on Villasana's bond forfeitures. (Doc. 1 at 5, 13.) There is no constitutional right to a plea bargain. *U.S. v. Lopez*, 979 F.2d

1024, 1036 (5th Cir. 1992). "'A state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' [is] not amenable to suit under § 1983." *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). The "duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) (citing *Imbler*, 424 U.S. at 431 n.33). Because Villasana's complaint against Zamora falls squarely within Zamora's activities as a prosecutor, Zamora is entitled to absolute prosecutorial immunity and these claims must be dismissed.

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Defendants' motion to dismiss (Doc. 17) is **GRANTED**.

SIGNED at Houston, Texas, this 26th day of July, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE